UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID GALLEGOS, | ) |
| | ) No. CV-09-5076-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on November 5, 2010 (Ct. Rec. 24, 26). Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Richard M. Rodriguez represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 9). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 26) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 24).

**JURISDICTION**

Plaintiff protectively filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) on

March 26, 2004 [1], alleging disability beginning October 10, 2002, due to back, shoulder, neck and hip problems, diabetes, lifting limitations, sleep problems and depression (Tr. 52-53, 72-74, 104, 128, 153, 663E-663G). The application was denied initially and on reconsideration (Tr. 55-58, 59-62, 64-67, 663A-663B).

At a hearing before Administrative Law Judge (ALJ) Paul L. Gaughen on April 2, 2007, plaintiff, represented by counsel, and vocational expert (VE) Daniel McKinney testified (Tr. 640-662). On April 18, 2007, the ALJ issued an unfavorable decision (Tr. 15-28). The Appeals Council denied Mr. Gallegos's request for review on June 28, 2009 (Tr. 5-8). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on September 21, 2009 (Ct. Rec. 1, 6).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here.

Plaintiff was 42 years old at onset (Tr. 645). He has a fourth or fifth grade education (Tr. 110, 159, 330, 645). Mr. Gallegos has worked as a food processing laborer, nurse's aid, janitor, and in the produce department of a grocery store (Tr. 105, 145, 154).

---

[1]The current applications were consolidated with a prior application filed April 18, 2003, after the ALJ granted plaintiff's counsel's request to reopen the earlier application (Tr. 15, 642).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                      - 2 -

1    Plaintiff has a driver's license and drives (Tr. 166-167).

2  He testified he is not participating in mental health treatment

3  but takes psychotropic medication (Tr. 650). He can sit one hour

4  and stand 30 minutes, although at times he can only stand five

5  minutes (Tr. 651-652). Plaintiff works part-time, 14 hours a week,

6  as a post office janitor. He has to lie down after work for 2 to 6

7  hours (Tr. 652-653). His job involves sweeping, dusting, and

8  cleaning restrooms (Tr. 653). He cannot work full time because he

9  feels dizzy and can only lift 20 pounds (Tr. 654).

10                    **SEQUENTIAL EVALUATION PROCESS**

11    The Social Security Act (the Act) defines disability as the

12  "inability to engage in any substantial gainful activity by reason

13  of any medically determinable physical or mental impairment which

14  can be expected to result in death or which has lasted or can be

15  expected to last for a continuous period of not less than twelve

16  months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also

17  provides that a plaintiff shall be determined to be under a

18  disability only if any impairments are of such severity that a

19  plaintiff is not only unable to do previous work but cannot,

20  considering plaintiff's age, education and work experiences,

21  engage in any other substantial gainful work which exists in the

22  national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus,

23  the definition of disability consists of both medical and

24  vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156

25  (9th Cir. 2001).

26    The Commissioner has established a five-step sequential

27  evaluation process for determining whether a person is disabled.

28  20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 3 -

is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish

a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff met the DIB requirements and was insured through December 31, 2007 (Tr. 16, 18). At step one ALJ Gaughen found although plaintiff engaged in significant part-time work, he has not engaged in substantial gainful activity since onset (Tr. 17). At steps two and three, the ALJ found plaintiff suffers from diabetes, right shoulder

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 6 -

impairment, and degenerative spinal changes at C4-5 and C5-6, impairments that are severe but which do not alone or in combination meet or medically equal a Listed impairment (Tr. 18, 24). The ALJ found plaintiff less than completely credible (Tr. 26-27). At step four, he found plaintiff's RFC for a wide range of light work enables him to perform his past job as a cannery worker (Tr. 27). The ALJ found plaintiff is not disabled as defined by the Social Security Act (Tr. 27-28).

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law by (1) improperly weigh the medical evidence, including evidence of depression, the opinions of treating doctor Benjamin Rodriguez, M.D. (Tr. 556, 566), examining doctor David Woolever, M.D. (Tr. 369), a treating doctor whose name is illegible (at Tr. 568-569), and treating doctor Robert Johnson, D.O.; (2) improperly assessing credibility ; and (3) performing an inadequate step four analysis (Ct. Rec. 25 at 4-20). Asserting the ALJ's decision is supported by substantial evidence and free of harmful legal error, the Commissioner asks the Court to affirm (Ct. Rec. 27 at 6).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once

medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)(en banc).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751(9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d at

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 8 -

751-752; *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

In order to be entitled to benefits, the plaintiff must have an impairment severe enough to significantly limit the physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment, or combination of impairments, can only be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *See Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); Social Security Ruling (SSR) 85-28. The plaintiff has the burden of establishing the severity of the impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. *See* 20 C.F.R. §§ 404-1508, 416.908. The plaintiff's own statement of symptoms alone is insufficient. *See id*. The question on review is whether the ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Plaintiff testified he currently worked part-time (14 hours per week) as a post office janitor, a job he held for about fourteen months prior to the hearing [at less than SGA levels](Tr. 653). The ALJ points out at times during the relevant period Mr. Gallegos attended classes 4 hours a day, five days a week (Tr. 26, Exhibits 9E, 13E, 14E, 17F/4). Plaintiff testified he suffered from depression for about seven years, since 2000, yet he worked full time until onset in October 2002. The ALJ observes plaintiff testified he takes medication but is not receiving mental health treatment; in May 2003 he told examiner Dr. Woolever he had no

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 9 -

psychiatric problems (Tr. 20, 24, 26; Exhibits 14F, 15F).

The ALJ considered this evidence when he weighed all of the opinion evidence.

**B. Evidence of mental impairment**

Plaintiff alleges the ALJ would have found Mr. Gallegos's depression severe at step two if he properly weighed the opinions of treating and examining professionals (Ct. Rec. 25 at 6-11). The Commissioner asserts the ALJ's reasoning is legally sound and supported by the evidence (Ct. Rec. 27 at 8-10).

The ALJ considered an assessed GAF of 62 on January 28, 2003, three months after onset, indicates only mild symptoms or limitations (Tr. 24, referring to Tr. 288). Plaintiff alleges the ALJ should have accepted the results of other assessments indicating greater limitations, such as the one performed by examining Dr. Michels in June 2004 (Tr. 530) when he assessed a GAF of 45-50, indicating serious symptoms or impairment.

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 26-27). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d at 1035. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical

impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Four factors the ALJ relied on when he assessed credibility include: (1) activity levels incompatible with the degree of impairment alleged; (2) lack of mental health treatment; (3) symptoms controlled with medication; and (4) inconsistent statements, and vague or unresponsive testimony regarding treatment with Robert Johnson, D.O. (Tr. 24, 26-27).

The record supports the ALJ's reasons.

Plaintiff's activities indicate an ability to perform work like activities. During the relevant period of October 10, 2002, through the ALJ's April 18, 2007 decision, plaintiff's activities have included working part-time (14 hours a week) as a janitor, as noted, and attending school four hours a day, five days a week[2]. The ALJ points out plaintiff's reports indicate he swims, drives, shops three days a week (for an hour each time), rakes leaves, and attends church (Tr. 26, 204, 331). Attending school alone is an

---

[2]In April 2006 plaintiff indicated he attended classes five days a week for six hours a day, but missed some classes due to back pain (Tr. 630).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 11 -

activity which is inconsistent with an alleged inability to perform work. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Plaintiff's argument the ALJ unfairly penalizes plaintiff for trying to live a normal life is unavailing. The ALJ's interpretation of these activities may not be the only reasonable one. But it is a reasonable interpretation and is supported by substantial evidence; accordingly, it is not the Court's role to second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), citing *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

The ALJ is correct plaintiff has inconsistently sought mental health treatment for allegedly disabling limitations. Mr. Gallegos testified he is not receiving mental health treatment. The record shows he returned to mental health in January 2003 to restart prescribed zoloft (Exhibit 5F), meaning he stopped seeking services and taking medication. In June 2004, Dr. Michels notes plaintiff is not currently involved in any mental health treatment (Exhibit 17F), as the ALJ points out (Tr. 19, 24). An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment can cast doubt on a complainant's sincerity. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ observes in September 2003 (eleven months after onset), plaintiff told examining psychiatrist Dr. Lyster he took zoloft off and on for about seven years and found it helpful (Tr. 20-21), indicating his depression improves on medication (Tr. 24; Exhibit 9F). As noted, plaintiff went to mental health services to restart medication, another indication he found it helpful. In September 2004, the ALJ notes plaintiff told the health clinic he was taking lexapro for depression and doing well (Tr. 22).

Although Mr. Gallegos made contrary statements, it is the ALJ's responsibility, not the Court's, to resolve conflicts in the evidence. *Richardson*, 402 U.S. at 400. The ALJ could properly rely on plaintiff's statements medication treated his depression effectively as a factor casting doubt on plaintiff's assertions of disabling impairment due to depression. *See Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006)(impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for benefits).

Plaintiff's reports to the SSA and to medical professionals differ from his testimony, as the ALJ observes (Tr. 26). Mr. Gallegos testified he can sit for one hour and stand for 30 minutes. About a year after onset plaintiff reported he could sit for two hours and 15 minutes (Tr. 204). Mr. Gallegos testified he works as a janitor 14 hours a week and has done so for 14 months, an indication he is not as limited as alleged. Plaintiff reported to the SSA directly or to medical professionals he drove his children to and from school; shopped three times a week for an hour each time; raked leaves; used public transportation; cooked; did laundry, and attended church throughout the relevant period (Tr. 26; Exhibits 9E, 13E, 14E, 9F, 17F, Tr. 331). The ALJ appropriately relied on plaintiff's inconsistent statements when he assessed credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements inconsistencies between statements and conduct, and extent of daily activities).

Moreover, the ALJ opines plaintiff was less than forthright

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 13 -

("vague and essentially non-responsive") when questioned about the frequency of his treatment with Robert Johnson, D.O. (Tr. 24). Plaintiff testified he saw Dr. Johnson every three months until the doctor left; sometimes Mr. Gallegos forgot and missed an appointment; plaintiff stopped seeing Dr. Johnson for a long time when he [plaintiff] was in California, and then Mr. Gallegos saw another psychologist in Washington recently (Tr. 655-656).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record.

In support of his step two argument, plaintiff alleges the ALJ failed to credit the opinion of treating doctor James Ethier, M.D. (Ct. Rec. 25 at 7). The first record plaintiff cites is outside the relevant period, eight days before onset. Dr. Ethier diagnosed major depressive disorder with marked features of agitation, and added a second prescribed psychotropic medication (Tr. 276-277). Next plaintiff quotes at length Dr. Ethier's earlier report (again before onset, pertaining to a September 16, 2002 appointment)(Tr. 278). In addition to being outside the relevant period, the quoted portion of the report in essence lists plaintiff's reported symptoms. An ALJ is not required to credit opinions based on a claimant's unreliable self-reporting. *Bayliss v.* Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). Significantly, as noted by ALJ Gaughen, plaintiff was employed full time when Dr. Ethier gave his assessment (Tr. 18).

Plaintiff alleges the ALJ failed to properly weigh the opinion of examining psychiatrist M. Christine Lyster, M.D. (Tr. 328-334), rendered about eleven months after onset (Ct. Rec. 25 at 8). She found plaintiff's mood is depressed. His intellect is

average (Tr. 332). Dr. Lyster diagnosed depressive disorder NOS and a current GAF of 57, indicating moderate symptoms or limitations (Tr. 333). However, she opined plaintiff is able to perform work activities without special or additional supervision (Tr. 333). She assessed a single, mild limitation in plaintiff's ability to withstand the stress and pressures associated with a normal work environment and day-to-day work activities (Tr. 333). Her RFC is consistent with the ALJ's findings.

Plaintiff alleges the ALJ improperly weighed the June 22, 2004 opinion (about 20 months after onset) of examining psychiatrist Paul Michels, M.D. (Tr. 526-530)(Ct. Rec. 25 at 8-9). The ALJ observes plaintiff was not involved in any mental health treatment when he was evaluated by Dr. Michels (Tr. 22, 527). Plaintiff does laundry, cooks, shops for groceries, swims to relieve pain 2-3 times a week, and occasionally has contact with a couple of friends (Tr. 529). He also reported he only eats, sleeps and goes to medical appointments (Tr. 527). Dr. Michels diagnosed adjustment disorder with depressed mood and assessed a GAF of 45-50, indicating serious symptoms or limitations (Tr. 529). He assessed specific moderate to severe limitations. The ALJ rejected Dr. Michels's opinion because it appeared to be based on plaintiff's unreliable self-reported limitations, and it is inconsistent with plaintiff's reported daily activities (Tr. 24). Both are proper reasons to reject an examining doctor's contradicted opinion.

Plaintiff asserts the ALJ erred when he weighed the opinion of Robert Johnson, D.O., who treated plaintiff "some years ago" and saw him again on June 13, 2005 (Tr. 623-625)(Ct. Rec. 25 at 9-

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 15 -

11). Dr. Johnson notes plaintiff had been back in Washington state for a year; Dr. Benjamin Rodriguez is his primary care provider (PCP), and he prescribes plaintiff's psychotropic medications, lexapro and amitriptyline. Dr. Johnson diagnosed depressive disorder NOS and assessed a GAF of 50. He added a different antidepressant (Tr. 623-625). In December 2006 Dr. Johnson wanted to stop one antidepressant and increase another (Tr. 607). He assessed seven moderate limitations (Tr. 602-604). The ALJ rejected this opinion due to the lack of treatment notes, testing procedures or other supporting documentary evidence (Tr. 24). The ALJ's reason is specific and legitimate. When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Moreover, two months later Dr. Johnson assessed a GAF of 70 indicating only mild symptoms or limitations (Tr. 606), apparently due to the change in medication.

The ALJ gave specific, legitimate reasons supported by substantial evidence for rejecting the contradicted opinions of some treating and examining professionals.

**C. Evidence of physical impairment**

Plaintiff alleges the ALJ erred when he weighed the contradicted opinions of examiner David Woolever, M.D. (Tr. 369), a treating doctor with an illegible signature[3] (Tr. 568-569), and

---

[3]The report dated October 22, 2006, is by Dr. French (Tr. 568-569). He has not seen plaintiff in six months. Dr. French saw him June 22, 2005 and April 21, 2006 (Tr. 568). Plaintiff can perform no more than "light duty" (Tr. 569), an opinion the ALJ considered, contrary to plaintiff's argument (Tr. 23, citing Exhibit 24F at Tr. 568-569).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                        - 16 -

treating doctor Benjamin Rodriguez, M.D. (556, 566)(Ct. Rec. 25 at 12-14).

Dr. Woolever examined plaintiff in May 2003 (Tr. 367-370) and 2004 (Tr. 571-572). In 2003, seven months after onset, Dr. Woolever opined plaintiff could perform light work, as the ALJ points out (Tr. 20, 372). He made the same assessment in April 2004, adding plaintiff should lift only 20 pounds, sit no more than one hour, and limit walking and climbing (Tr. 21, 369).

The ALJ considered the opinion of James Johnson, M.D., who treated plaintiff July 1, 2003 (Tr. 26, 306), nine months after onset. He assessed chronic lumbar and cervical pain and released plaintiff to return to work on July 7, 2003 (Tr. 306).

The ALJ considered the April and October 2006 opinion of examining orthopedist H. Graeme French, M.D., that plaintiff could perform light work (Tr. 23, 26, Exhibits 24F, 25F).

The ALJ considered the opinion of James Opara, M.D., who treated plaintiff both long before onset (1998) and after (December 2002, May 2003)(Tr. 18-20, Exhibit 15F, Tr. 457), primarily for diabetes and medication for depression. The ALJ notes in June 2003 plaintiff asked Dr. Opara to fill out paperwork for unemployment and social security disability (Tr. 20), a request the doctor declined (Tr. 20, 26). The ALJ indicates if plaintiff was applying for unemployment benefits, he would be required to certify he is able to work (Tr. 26-27), contrary to his statements in support of the applications for SSI and DIB benefits.

While the receipt of unemployment benefits can undermine a clamant's alleged inability to work full-time, *see Copeland v.*

*Bowen*, 861 F.2d 536, 542 (9th Cir. 1998), the record here does not establish whether plaintiff held himself out as available for full-time or part-time work. Accordingly, this basis for the ALJ's credibility finding is not supported by substantial evidence. See *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161-1162 (9th Cir. 2008). To the extent the ALJ relied on this when he weighed the evidence, it appears to be error. In light of the ALJ's remaining clear and convincing reasons, the error appears harmless as it is unlikely the decision would differ without the error.

In April 2004 Dr. Opara diagnosed degenerative disc disease (DDD) of the cervical, thoracic and lumbar spines. He prescribed celebrex (Tr. 22, Exhibit 15F). Throughout the relevant period (aside from diabetes medication), plaintiff has been prescribed tylenol, occasionally celebrex or feldene, steroid injections, and physical therapy for his physical complaints (*see e.g.*, Tr. 380, 520, 556, 572, 579). A conservative course of treatment can undermine allegations of debilitating pain. *See Carmickle*, 533 F.3d at 1162.

The ALJ considered the opinion of Benjamin Rodriguez, M.D., who began treating plaintiff in 1995 (Tr. 23, 27, 469, Exhibits 21F, 23F, 26F). In December 2004 he diagnosed a bulging disc and degenerative joint disease, and continued plaintiff on celebrex (Tr. 556). By April 2006, Dr. Rodriguez opined plaintiff's depression, and pain in his shoulders and back, limit him to sedentary work (Tr. 566). The ALJ rejected the RFC for sedentary work because it is contradicted "by the bulk of the record" which indicates plaintiff is capable of light exertion (Tr. 27). Based

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 18 -

on the record in this case, the ALJ's reason is specific,
legitimate and supported by substantial evidence.

    The ALJ's reasons for rejecting some of the examining and
treating doctors' contradicted opinions are specific, legitimate
and supported by substantial evidence.

**D. Step Four**

    Plaintiff asserts the ALJ erred at step four (Ct. Rec. 25 at
17-20) by failing to (1) include all of his limitations in the
hypothetical; (2) identify any of the specific demands of his past
relevant work, and (3) "make proper findings as to how he
concluded that Mr. Gallegos could return to his past occupation of
cannery worker" (Ct. Rec. 25 at 18-20). The Commissioner answers
the ALJ complied with the requirements of SSR 82-62, and plaintiff
failed to meet his step four burden of showing he is unable to
perform any past relevant work (Ct. Rec. 27 at 16-19).

    The Commissioner is correct. The ALJ properly found at step
four, relying on the VE's testimony, plaintiff is able to perform
his past job as a cannery worker.

    The ALJ is responsible for reviewing the evidence and
resolving conflicts or ambiguities in testimony. *Magallanes v.
Bowen*, 881 F.2d at 751 (9th Cir. 1989). It is the role of the trier
of fact, not this court, to resolve conflicts in evidence.
*Richardson*, 402 U.S. at 400. The court has a limited role in
determining whether the ALJ's decision is supported by substantial
evidence and may not substitute its own judgment for that of the
ALJ, even if it might justifiably have reached a different result
upon de novo review. 42 U.S.C. § 405 (g).

    After review the Court finds the ALJ's assessment of all of

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 19 -

1  the evidence is supported by the record and free of harmful legal

2  error.                    **CONCLUSION**

3      Having reviewed the record and the ALJ's conclusions, this

4  Court finds the ALJ's decision is free of legal error and

5  supported by substantial evidence..

6      **IT IS ORDERED:**

7      1. Defendant's motion for summary judgment **(Ct. Rec. 26)** is

8  **granted.**

9      2. Plaintiff's motion for summary judgment **(Ct. Rec. 24)** is

10 **denied.**

11     The District Court Executive is directed to file this Order,

12 provide copies to counsel for plaintiff and defendant, enter

13 judgment in favor of defendant, and **CLOSE** this file.

14     DATED this 15th day of October, 2010.

15

16                          s/ James P. Hutton
                           JAMES P. HUTTON
17              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 20 -